# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SONDRA G. DRUKER** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **THOMAS JEFFERSON UNIVERSITY** | : | **NO.  02-CV-2692** |
| | : | |
| **and** | : | |
| | : | |
| **BARBARA J. TURNER, M.D.** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

## <u>ORDER</u>

AND NOW, this ____ day of _____, 2003, based upon the Motion for Summary Judgment of Defendants Thomas Jefferson University and Barbara J. Turner, M.D., Defendants' supporting memorandum, Plaintiff's response thereto, and any Reply Brief, it is hereby ORDERED and DECREED that such Motion is GRANTED and Plaintiff's complaint in its entirety is dismissed with prejudice.

_____
                                                                                J.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SONDRA G. DRUKER | : | |
| | : | CIVIL ACTION |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS JEFFERSON UNIVERSITY | : | NO.  02-CV-2692 |
| | : | |
| **and** | : | |
| | : | |
| BARBARA J. TURNER, M.D. | : | |
| | : | |
| **Defendants** | : | |
| | : | |

## <u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>

Defendants Thomas Jefferson University ("TJU") and Dr. Barbara Turner (collectively "Defendants"), hereby move pursuant to Rule 56 of the Federal Rules of Civil Procedure for the entry of judgment in its favor on all six counts of Plaintiff Sondra Druker's Complaint.  As grounds for this Motion, Defendants state that the material facts are not in dispute and that Defendants are entitled to judgment as a matter of law as follows:

1.      Defendants are entitled to judgment on Druker's claims of religious discrimination, religiously hostile work environment and retaliation (other than retaliatory discharge) under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e <u>et seq.</u> ("Title VII"), because these claims are time-barred by Druker's failure to file her lawsuit asserting these claims within 90-days of receiving her Notice of Right to Sue from the EEOC on her first charge.

2.      Defendants are entitled to judgment on Druker's claims under Title VII and the Pennsylvania Human Relations Act, 43 P.S. § 951 <u>et seq.</u> ("PHRA"), because Druker cannot

establish a prima facie case of religious discrimination or retaliation (based on all events preceding her discharge/denial of transfer) in that Druker suffered no adverse employment action and cannot identify any similarly situated non-Jewish employee who was treated more favorably.

3.      Defendants are entitled to judgment as a matter of law on Druker's claims of religious harassment and/or religiously hostile work environment under Title VII and the PHRA because the alleged harassment was not pervasive or regular.

4.      Defendants are entitled to judgment as a matter of law on Druker's claims of retaliation relating to her termination and denial of transfer to another position at TJU under Title VII and the PHRA because she cannot establish a prima facie case of retaliation and because, even if she could, there is no evidence that the legitimate nondiscriminatory reasons provided for her termination and inability to transfer to another position at TJU were a pretext for retaliation.

5.      Defendants are entitled to judgment on Druker's retaliation claims under the PHRA because such claims are time-barred for Druker's failure to file her PHRC charge within 180 days of the alleged retaliation.

6.      Defendants are entitled to judgment as a matter of law on Druker's claim for negligent supervision because it is barred by the exclusivity provision of the Pennsylvania Workmen's Compensation Act, 77 Pa. C.S.A. § 481.

7.      Defendants are entitled to judgment as a matter of law on Druker's claim for defamation because no defamatory statements were made and based upon the one-year statute of limitations applicable to defamation claims.

In support of this Motion, Defendants rely upon the accompanying Memorandum of Law in Support of the Motion for Summary Judgment and the pertinent portions of the pleadings, depositions and exhibits in the case, and the affidavits filed herewith.

---

Robert M. Goldich, Esquire
Caroline M. Austin, Esquire
WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP
1650 Arch Street - 22nd Floor
Philadelphia, PA 19103-2097
(215) 977-2152/2336

Attorneys for Defendants

Dated:  September 12, 2003

## <u>CERTIFICATE OF SERVICE</u>

I, Robert M. Goldich, hereby certify that on September 12, 2003, I caused a true and

correct copy of the foregoing Defendants' Motion for Summary Judgment to be served via first

class mail, postage pre-paid to the following:


William H. Ewing, Esquire
Eckert Seamans Cherin & Mellott, LLC
1515 Market Street, 9th Floor
Philadelphia, PA 19102


_____
Robert M. Goldich, Esquire