UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SONDRA G. DRUKER | : |
|       Plaintiff | : CIVIL ACTION |
| v. | : |
| THOMAS JEFFERSON UNIVERSITY | : NO. 02-CV-2692 |
| and | : |
| BARBARA J. TURNER, M.D. | : |
|       Defendants | : |

**MOTION BY DEFENDANTS TO ENFORCE
SETTLEMENT AGREEMENT AND FOR AN AWARD OF ATTORNEYS' FEES**

Defendants Thomas Jefferson University and Dr. Barbara Turner ("Defendants") hereby move for entry of an Order enforcing a settlement reached while this case was on appeal. Defendants further seeks an award of attorneys' fees and costs incurred in enforcing the Settlement. As grounds for this motion, Defendants assert as follows:

1. A final judgment was rendered by this Court in favor of Defendants and against Plaintiff Sondra Druker ("Druker") on August 18, 2004 and amended September 15, 2004. Druker filed a timely appeal of this judgment to the United States Court of Appeals for the Third Circuit.

2. The parties timely filed their briefs and the case was listed for disposition before a panel of the Third Circuit on December 7, 2005.

3. On December 5, 2005, counsel for Druker approached counsel for Defendants to express Druker's willingness to discuss settlement.

4. Thereafter, a settlement was reached through direct negotiation between counsel for the parties.

5. On December 6, 2005, counsel for Defendants sent counsel for Druker a draft Settlement Agreement containing all of the material non-economic terms which Defendants would require Druker to agree to as part of the settlement.

6. The written Settlement Agreement provided as a material term of the settlement that Druker waive reinstatement and the right to reapply for employment with Defendants and their affiliates. This waiver of reinstatement and reemployment was also specifically discussed during the course of the settlement discussions.

7. On the morning of December 7, 2005, counsel for Druker advised counsel for Defendants that he was authorized to agree to all of the proposed material terms for settlement, including the proposed economic terms, provided that Defendants agree that the release, confidentiality and non-disparagement provisions of the draft Agreement all be made mutual.

8. Shortly before noon on December 7, counsel for the parties orally agreed on the material terms of a settlement. Thereafter, counsel for Defendants confirmed the parties' agreement to all material settlement terms in an e-mail transmission. A material term of the Settlement Agreement was Druker's agreement to withdraw the appeal with prejudice.

9. The parties notified the Court of Appeals of the settlement and the oral argument was cancelled. The Court issued a letter to counsel asking that a Stipulation of Dismissal be promptly filed.

10. On December 14, 2005, counsel for Defendants sent counsel for Druker a revised version of the draft Settlement Agreement containing all of the language changes which had been requested by counsel for Druker on December 7, 2005.

11. In January 2006, counsel for Druker advised counsel for Defendants that his client would not sign the agreement or authorize him to sign the Stipulation of Dismissal unless a number of additional changes were made. In the interest of concluding the settlement, Defendants agreed to a number of the proposed changes.

12. Despite these changes, Druker refused to sign the Settlement Agreement and to file the Stipulation of Dismissal required by the Third Circuit unless material changes were made to the provision waiving her right to reinstatement and to apply for reemployment. Defendants were and are unwilling to agree to these changes sought by Druker.

13. On February 1, 2006, Defendants filed a motion in the Court of Appeals seeking a remand to this Court to enforce the settlement agreement. See Exhibit "A" hereto.

14. Druker opposed the motion, but admitted in her Third Circuit Response "that shortly before noon on December 7, counsel for the parties orally agreed on the material terms of a settlement." See Exhibit "B" hereto.

15. On March 1, 2006, the Court of Appeals granted Defendant's motion and remanded the case to this Court to determine if a settlement was reached, and if so, what the terms of the settlement are.

16. Because confidentiality of the settlement terms was a material part of the settlement, Defendants have not filed with this Court any of the supporting documents which establish that a settlement was reached. Defendants seek leave to file the supporting documents under seal if this Motion and the supporting Declaration of Counsel for Defendants are deemed insufficient to provide a basis for this Court to decide this Motion. In the alternative, Defendants request an evidentiary hearing.

17.  Defendants further seek an award of attorneys' fees and costs on the grounds that Plaintiff's conduct in refusing to dismiss the Third Circuit appeal is vexatious and in bad faith.

Respectfully submitted,

*/s/ Robert M. Goldich*

Robert M. Goldich, Esquire, #25559
Caroline Austin, Esquire, #75228
WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP
1650 Arch Street, 22nd Floor
Philadelphia, PA 19103
(215) 977-2152/2336

Attorneys for Defendants
Thomas Jefferson University and
Dr. Barbara Turner

## DECLARATION OF COUNSEL

I, Robert M. Goldich, hereby declare under penalty of perjury that the facts set forth in the foregoing Motion by Defendants to Enforce Settlement Agreement and for an Award of Attorneys' Fees are true and correct based upon my personal knowledge.

_____
Robert M. Goldich, Esquire