**<u>EXHIBIT "A"</u>**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

---

CASE NO. 04-3616

---

### SONDRA G. DRUKER
**Appellant**

v.

### THOMAS JEFFERSON UNIVERSITY
### and BARBARA J. TURNER, M.D.
**Appellees**

Appeal from the United States District Court
for the Eastern District of Pennsylvania

---

## MOTION BY APPELLEES TO REMAND FOR CONSIDERATION OF SETTLEMENT REACHED ON APPEAL

---

Robert M. Goldich, Esquire
Caroline M. Austin, Esquire
WOLF BLOCK SCHORR & SOLIS-COHEN, LLP
1650 Arch Street, 22nd Floor
Philadelphia, PA 19103
(215) 977-2152/2336

Attorneys for Appellees

Appellees Thomas Jefferson University and Dr. Barbara Turner ("Appellees") hereby move pursuant to Rule 27 of the Federal Rules of Appellant Procedure and Rule 7.1 of the Internal Operating Procedures for the Third Circuit for an entry of an Order remanding this case to the United States District Court for the Eastern District of Pennsylvania for consideration of a settlement reached on appeal. As grounds for this motion, Appellees assert as follows:

1.      A final judgment was rendered by the United States District Court for the Eastern District of Pennsylvania in favor of Appellees and against Appellant Sondra Druker ("Druker") on August 18, 2004 and amended September 15, 2004. Druker filed a timely appeal of this judgment to this Court.

2.      Following docketing of the appeal, the case was assigned to this Court's Appellate Mediation Program ("Mediation Program") and Joseph Torregrossa, Esquire was appointed as the mediator.

3.      The mediation took place on February 8, 2005 and was not successful. The Mediation Program's responsibility for the case was terminated and a briefing schedule was set. The parties timely filed their briefs and the case was listed for disposition before a panel of this Court on December 7, 2005.

4.      Several days prior to the date listed for disposition of the appeal, counsel for Druker approached counsel for Appellees to express Druker's willingness to discuss settlement.

5.    Because of the proximity of the discussions to the oral argument date, counsel contacted the mediator for guidance. The mediator advised the parties that because the case had been assigned to a panel and listed for argument, the parties could not re-enter the Mediation Program, but he offered to assist the parties in reaching a settlement.

6.    Thereafter, although the parties continued to advise the mediator of their progress by way of telephone conversations, a settlement was reached through direct negotiation between counsel for the parties.

7.    On December 6, 2005, counsel for Appellees sent counsel for Druker a draft Settlement Agreement containing all of the material non-economic terms which Appellees would require Druker to agree to as part of the settlement.

8.    The written Settlement Agreement provided as a material term of the settlement that Druker waive reinstatement and the right to reapply for employment with Appellees and their affiliates. This waiver of reinstatement and reemployment was also specifically discussed during the course of the settlement discussions.

9.    On the morning of December 7, 2005, counsel for Druker advised counsel for Appellees that he was authorized to agree to all of the proposed material terms for settlement, including the proposed economic terms, provided

that Appellees agree that the release, confidentiality and non-disparagement provisions of the draft Agreement all be made mutual.

10.    Counsel for Appellees obtained authority from his clients and agreed to make these three provisions in the Agreement mutual. Thereafter, he confirmed the parties' agreement to all material settlement terms in an e-mail transmission. A material term of the Settlement Agreement was Druker's agreement to withdraw the appeal with prejudice.

11.    The parties notified the mediator and the Court of the settlement and the oral argument was cancelled. The Court issued a letter to counsel asking that a Stipulation of Dismissal be promptly filed.

12.    On December 14, 2005, counsel for Appellees sent counsel for Druker a revised version of the draft Settlement Agreement containing all of the language changes which had been requested by counsel for Druker on December 7, 2005.

13.    In January 2006, counsel for Druker advised counsel for Appellees that his client would not sign the agreement or authorize him to sign the Stipulation of Dismissal unless a number of additional changes were made. In the interest of concluding the settlement, Appellees agreed to a number of the proposed changes.

14.    Despite these changes, Druker refused to sign the Settlement Agreement and to file the Stipulation of Dismissal required by this Court unless material changes were made to the provision waiving her right to reinstatement and

to apply for reemployment.  Appellees were and are unwilling to agree to these changes sought by Druker.

15.    As a matter of Pennsylvania and federal law, the agreement reached by counsel and confirmed in writing, is legally enforceable notwithstanding the fact that the parties expected that a written settlement document would be executed.  Green v. John H. Lewis & Co., 436 F.2d 389, 390 (3d Cir. 1970); McDonnell v. Ford Motor Co., 434 Pa. Super. 439, 445-446, 643 A.2d 1102, 1105-1106 (1994); Johnston v. Johnston, 346 Pa. Super. 427, 431, 499 A.2d 1074, 1076 (1985).  Many courts have enforced settlement agreements under the circumstances presented in this case.  See, e.g., Standard Steel, LLC v. Buckeye Energy, Inc., No. 04-538, 2005 U.S. Dist. LEXIS 22378 (E.D. Pa. Sept. 29, 2005); Mowrer v. Warner-Lambert Co., No. 98-2908, 2000 U.S. Dist. LEXIS 9874 (E.D. Pa. July 14, 2000); Goldman v. Chanel, Inc., No. 94-7239, 1995 U.S. Dist. LEXIS 17423 (E.D. Pa. Nov. 21, 1995).

16.    This Court's decision in Beazer East Inc. v. Mead Corp., 412 F.3d 429 (3d Cir. 2005) is not applicable because the settlement in this case was reached after this case was no longer in the Mediation Program, and because the agreement was reduced to writing prior to settlement.  No testimony from the mediator or facts discussed in mediation will be required in order for the District Court (or this Court) to enforce the settlement reached in this case.

Case 2:02-cv-02692-EL    Document 43-3    Filed 03/13/2006    Page 7 of 10

Cf. L.A.R. 33.3 ("If a case is not accepted for mediation, or if accepted but is not resolved through mediation, it will proceed in the appellate process as if mediation had not been considered or initiated.")

17.    Appellees seek remand to the District Court because the District Court is better suited than this Court to conduct an evidentiary hearing in the event that there are any facts relating to the settlement which are in dispute. The District Court can also decide whether Appellees are entitled to any additional relief arising out of Druker's refusal to sign the Stipulation of Dismissal in this Court in breach of the Settlement Agreement, including an award of attorney's fees and costs.

18.    Because Appellees seek remand to the District Court, and because confidentiality of the settlement terms was a material part of the settlement, Appellees have not filed with this Court any of the supporting documents which establish that a settlement was reached. Appellees seek leave to file the supporting documents under seal if this Motion and the supporting Declaration of counsel for Appellees are deemed insufficient to provide a basis for this Court to decide this Motion.

19.    In the event that this Court does not consider it appropriate to remand the case to the District Court in its present procedural posture, Appellees request in the alternative that this Court itself decide whether a legally enforceable settlement has been reached.

Respectfully submitted,

_____
Robert M. Goldich, Esquire, #25559
Caroline Austin, Esquire, #75228
WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP
1650 Arch Street, 22nd Floor
Philadelphia, PA 19103
(215) 977-2152/2336

Attorneys for Appellees
Thomas Jefferson University and
Dr. Barbara Turner

## DECLARATION OF COUNSEL

I, Robert M. Goldich, hereby declare under penalty of perjury that the facts

set forth in the foregoing Motion by Appellees to Remand for Consideration of

Settlement Reached on Appeal are true and correct based upon my personal

knowledge.

_Robert M. Goldich_

Robert M. Goldich, Esquire

## CERTIFICATE OF SERVICE

I, Robert M. Goldich, hereby certify that on February 1, 2006, I caused a

true and correct copy of the foregoing Motion by Appellees to Remand for

Consideration of Settlement Reached on Appeal to be served via first class mail,

postage pre-paid and via fax to the following:

> Jeffrey S. Saltz
> Law Offices of Jeffrey S. Saltz, P.C.
> 1515 Market Street, Suite 1000
> Philadelphia, PA 19102

Robert M. Goldich, Esquire