# **EXHIBIT "B"**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| SONDRA G. DRUKER | NO. 04-3616 |
|---|---|
| Appellant | |
| v. | |
| THOMAS JEFFERSON UNIVERSITY, et al. | |
| Appellees | |

**APPELLANT'S RESPONSE TO MOTION BY APPELLEES TO REMAND FOR CONSIDERATION OF SETTLEMENT REACHED ON APPEAL**

Only ninety minutes before oral argument was to be held, counsel for the parties reported to the mediator under the Court's Appellate Mediation Program that they had orally agreed to a settlement of the case. Unfortunately, as counsel subsequently worked on preparing a written settlement agreement, an ambiguity emerged as to the scope of one of the material terms of the settlement. The parties have been unable to agree on how to resolve that ambiguity and, therefore, have been unable to agree on a definitive written statement of the terms of a settlement. Appellant Sondra G. Druker ("Druker") and her undersigned counsel regret that they have been unable to reach agreement with Appellees Thomas Jefferson University

and Barbara J. Turner on the terms of a settlement, and regret in particular that the Court was notified of a settlement that turned out, upon efforts to reduce it to writing, to be elusive.

The regrettable circumstances, however, do not call for a departure from the requirements of Local Appellate Rule 33.5. As construed by the Court in *Beazer East, Inc. v. Mead Corp.*, 412 F.3d 429 (3d Cir. 2005), *cert denied*, 163 L. Ed. 2d 857 (2006), LAR 33.5 requires that any settlement reached through the Appellate Mediation Program, in order to be enforceable, must be reduced to writing. Absent a written agreement, the terms of any alleged oral settlement are not merely unenforceable but are also *inadmissible* and may not be presented to this or any other Court by motion or otherwise. As set forth below, Druker disputes certain of the details in the allegations of Appellees' Motion; but even if all of those allegations are accepted as true, they establish merely that the parties, with the assistance of the Appellate Mediation Program, reached an oral settlement agreement, attempted to reduce that agreement in writing, but ultimately failed to produce an agreed writing setting forth the terms of the settlement. Under LAR 33.5 and *Beazer*, the settlement is unenforceable, and Appellees' Motion should therefore be denied.

In response to the numbered paragraphs of the Motion, Druker answers as follows:

1. Admitted.

2. Admitted.

3. Admitted. The oral argument was set for 1:30 p.m. on December 7, 2005.

4. Admitted, except that the "approach" from Druker's counsel to Appellees' counsel was in the form of a specific proposal for settlement. The proposal was made on the afternoon of December 5, 2005, only two days before oral argument.

5. Denied as stated. On the afternoon of December 5 and the morning of December 6, counsel for the parties exchanged various counter-proposals for settlement. On the afternoon of December 6, when it appeared that it would be difficult for counsel to close the gap, counsel for Appellees proposed that they contact Mr. Torregrossa and ask him to resume his mediation services. Counsel for Druker agreed to this proposal, and counsel for Appellees offered to telephone Mr. Torregrossa.

Later on the afternoon of December 6, Mr. Torregrossa advised both counsel that because the case had been assigned to a panel for oral argument, he was not permitted to resume the mediation process without first obtaining permission of the panel. Mr. Torregrossa further advised that he had obtained such permission

-3-

from the panel. Mr. Torregrossa thereupon held telephone discussions with both counsel, both separately and together, to explore the parties' respective settlement positions and to assist the parties in coming to an agreement.

The averment in paragraph 5 of the Motion that Mr. Torregrossa advised the parties that they "could not re-enter the Mediation Program" is specifically denied. To the contrary, Mr. Torregrossa advised counsel that they *could* resume mediation before him, because of permission granted by the panel.

6. Denied as stated. Following the initial conversation among counsel and Mr. Torregrossa on the afternoon of December 6, Mr. Torregrossa continued to speak with both counsel by "shuttling" between them on the telephone and by also encouraging counsel to speak directly. It is admitted that an apparent oral settlement was ultimately agreed to in a telephone conversation directly between counsel, as set forth below.

7. Admitted.

8. The allegation of a "written Settlement Agreement" is denied. There was never any "written Settlement Agreement," only a written *draft* of a Settlement Agreement proposed by counsel for Appellees, which served as a basis for further discussion between counsel on the non-economic terms to be addressed in any settlement. The remaining allegations of this paragraph of the Motion are in violation

of LAR 33.5(c), which prohibits the parties from disclosing statements made or information developed during the mediation process or from using information obtained as a result of the mediation process (other than the bare fact that a settlement has been reached) as a basis for any motion or argument to any court. This prohibition includes statements regarding the terms of a disputed settlement. *See Beazer E. Inc. v. Mead Corp.*, 412 F.3d at 434-35. Druker accordingly denies these remaining allegations of paragraph 8, except to admit that the issues of waiving reinstatement and the right to reapply were the subject of discussions between counsel during the mediation and settlement discussions on December 5, 6 and 7.

        9.     Denied as stated. There was substantial back-and-forth between counsel for the parties, both directly and through Mr. Torregrossa, on December 6 and 7, on both the economic and non-economic terms of the proposed settlement. The matters discussed included the need for mutuality on certain non-economic terms.

        10.    Denied as stated. It is admitted that shortly before noon on December 7, counsel for the parties orally agreed on the material terms of a settlement. Counsel telephoned Mr. Torregrossa to advise him of the oral settlement, and Mr. Torregrossa stated that he would notify the Court of the settlement and arrange for cancellation of the oral argument scheduled for 1:30 p.m. Counsel for Appellees subsequently sent an email to counsel for Druker confirming that the

parties had reached agreement. It is further admitted that a material term of the oral settlement was the withdrawal of the appeal with prejudice.

11. Admitted. See paragraph 10 above.

12. It is admitted that on December 14, 2005, counsel for Appellees sent counsel for Druker a revised version of the draft Settlement Agreement. It is denied that the revised draft contained all of the changes that had been requested by counsel for Druker during the negotiations on December 6 and 7.

13. Denied as stated. It is admitted that in January 2006, counsel for Druker advised counsel for Appellees that the revised draft Settlement Agreement failed to accurately reflect all of the terms agreed to during the oral negotiations on December 6 and 7, 2005. During January, counsel held extensive additional discussions on the substance and wording of the draft, resulting in agreed changes to the draft on some of the terms. Counsel were unable, however, to agree on language regarding certain of the non-economic terms of the settlement. In particular, counsel could not agree on the scope of Druker's agreement not to reapply for employment in the future, specifically the identity of the entity or entities to which she would be prohibited from reapplying.

14.     Denied as stated. It is admitted that because of the inability of the parties to agree upon the specific language regarding the scope of the prohibition on reapplying, the parties failed to come to terms on a written agreement.

15.     Denied. The cases cited by Appellees apply the common-law principle that an oral settlement agreement is legally enforceable, even if it contemplated that a written settlement document would be executed. None of these cases, however, involved this Court's Appellate Mediation Program; therefore, LAR 33.5 was not applied. The Court specifically held in *Beazer* that this common-law principle does not apply in settlements reached through the Appellate Mediation Program, as the common-law principle is supplanted by LAR 33.5. *Beazer E. Inc. v. Mead Corp.*, 412 F.3d at 436-37 (common-law principle "that a written agreement is not necessary to render a settlement enforceable . . . has no application where specific court rules provide otherwise"). For this reason, the *Beazer* opinion expressly rejected the applicability of *Green v. John H. Lewis & Co.*, 436 F.2d 389 (3d Cir. 1970), cited by Appellees. *See Beazer E. Inc. v. Mead Corp.*, 412 F.3d at 436-37.

16.     Denied. As set forth in paragraph 5 above, the mediator under the Appellate Mediation Program reentered the settlement process, at the suggestion of counsel for Appellees and with the specific permission of the panel. The mediator held extensive discussions with counsel, both together and separately, on December

6 and 7 and urged counsel to continue their direct discussions as well, and it was in this context that the apparent oral settlement was reached. Accordingly, LAR 33.5 is fully applicable. Nothing in LAR 33.5 or in the *Beazer* opinion suggests that the rule making oral settlements unenforceable applies only where testimony of the mediator would be required.[1]

It is specifically denied that LAR 33.5 and *Beazer* do not apply because "the agreement was reduced to writing prior to settlement," as Appellees allege. The writing referred to by Appellees was the draft prepared unilaterally by Appellees' counsel. Appellees admit that Druker's counsel specifically advised on December 7 that the draft as written was not acceptable. (Mot. ¶ 9.) Appellees further admit that the subsequent revision of the written draft prepared by Appellees' counsel was also unacceptable to Druker. (Mot. ¶ 13.) Appellees do not contend that any written Settlement Agreement was agreed to by both sides. Accordingly, no settlement was "reduced to writing" within the meaning of LAR 33.5(d). If the

---

[1] Nor does the applicability of LAR 33.5 depend on whether the oral settlement is reached in the presence of the mediator or in a direct discussion between counsel. Even when an oral settlement is reached during a meeting in the offices of the Appellate Mediation Program, the actual agreement often occurs in an informal discussion between counsel in the hallway, rather than in the physical presence of the mediator. Likewise, it is common that no settlement is reached on the day of the face-to-face mediation but is reached soon after during follow-up discussions encouraged and guided by the mediator. The language and policies of LAR 33.5, as discussed in *Beazer*, do not depend on which of these various contexts yields the oral settlement.

requirement that a settlement be "reduced to writing" were satisfied by a writing that was agreed to by only one of the two sides, then the requirement would be rendered meaningless.

*Beazer* makes clear that when the parties in a mediation reach an oral settlement, they are taking the risk that the settlement will be unenforceable unless they immediately reduce the terms to an agreed writing. *Beazer E. Inc. v. Mead Corp.*, 412 F.3d at 436-37. In the present case, both sides took that risk. Druker now asserts that there was a latent ambiguity in the parties' oral agreement that did not become apparent until the parties attempted to agree on a definitive writing. Appellees assert that Druker has simply refused to proceed with the settlement unless changes are made. Although Druker denies Appellees' version, the discrepancy is legally immaterial. In either event, the parties' settlement was oral only, and in the absence of an agreed writing any oral settlement is unenforceable under LAR 33.5.

17. Denied. For the reasons stated above, there is no reason to hold an evidentiary hearing. Even if a factfinder were to adopt Appellees' version of the facts, Appellees themselves acknowledge that the apparent oral settlement was reached with the assistance of Mr. Torregrossa, acting under the Appellate Mediation Program, and that the terms of the settlement were not reduced to a writing accepted

by both sides. Accordingly, the oral settlement is unenforceable under LAR 33.5, and any factual discrepancies are immaterial to that issue. Moreover, under LAR 33.5, in the absence of a written settlement, information obtained through the mediation process may not be used "as a basis for any motion or argument to *any* court." LAR 33.5(c) (emphasis added). Therefore, absent a written agreement, the negotiations between counsel would be inadmissible before the District Court as well as this Court.

      18.    Druker agrees that it would be inappropriate for Appellees to file any supporting documents, not only because of a confidentiality agreement but also because of the provisions of LAR 33.5. The only supporting document that would be appropriate to submit under LAR 33.5 would be an agreed writing setting forth the terms of the settlement, and Appellees do not and cannot allege that the parties agreed on any such writing. Therefore, the filing of documents with the Court, even under seal, would be inappropriate.[2]

---

[2] Paragraph 18 of the Motion refers to a Declaration by counsel for Appellees, attached to the Motion. For the reasons already stated, there is no need to resolve any factual issues presented by the Motion and this Response, so the fact that Appellees' factual allegations are supported by a Declaration under penalty of perjury is of no consequence. Nevertheless, to avoid any inference that Druker is not equally confident of the factual assertions set forth in this Response, a similar Declaration of counsel is attached to this Response.

19. This Court should determine that no legally enforceable settlement was reached, solely on the basis that no agreed writing was prepared as required by LAR 33.5 and the *Beazer* opinion.

WHEREFORE, Druker respectfully requests that the Motion be denied, and that this appeal be reinstated for determination on the merits.

_____
Jeffrey S. Saltz
Attorney for Appellant

LAW OFFICE OF JEFFREY S. SALTZ, P.C.
1515 Market Street, Suite 1000
Philadelphia, PA 19102
(215) 523-5317

Dated: February 13, 2006

## DECLARATION

I hereby state that I am counsel for Appellant Sondra G. Druker and, as such, am authorized to make this statement on her behalf. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the factual averments set forth in the foregoing Appellant's Response to Motion by Appellees to Remand for Consideration of Settlement Reached on Appeal are true and correct.

_____
Jeffrey S. Saltz

Executed on: February 13, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2006, I caused a copy of the foregoing Appellant's Response to Motion by Appellees to Remand for Consideration of Settlement Reached on Appeal to be served on counsel for Appellees by hand delivery, as follows:

>   Robert M. Goldich, Esquire
>   Wolf, Block, Schorr and Solis-Cohen LLP
>   1650 Arch St., 22nd Fl.
>   Philadelphia, PA  19103-2097

_____
Jeffrey S. Saltz

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SONDRA G. DRUKER <br><br> Plaintiff <br><br> v. <br><br> THOMAS JEFFERSON UNIVERSITY <br><br> and <br><br> BARBARA J. TURNER, M.D. <br><br> Defendants | CIVIL ACTION <br><br><br><br> NO. 02-CV-2692 |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
BY DEFENDANTS TO ENFORCE SETTLEMENT AGREEMENT
<u>AND FOR AN AWARD OF ATTORNEYS' FEES</u>**

Having prevailed in this case once, and then having entered into a settlement in the Court of Appeals, Defendants Thomas Jefferson University ("TJU") and Dr. Barbara Turner ("Defendants") now find themselves in the position of having to expend further unnecessary legal fees because of Plaintiff Sondra Druker's refusal to dismiss the Third Circuit appeal as required by the parties' Settlement Agreement.

The legal issue before this Court is framed by the sworn statement of Druker's counsel in the Court of Appeals, "it is admitted that shortly before noon on December 7, counsel for the parties orally agreed on the material terms of a settlement." Exhibit "B" to Motion, Paragraph 10.

Among these material terms was the agreement by Druker that she not reapply for employment at any time in the future with Defendants and their affiliates. This waiver of reemployment was expressly discussed by counsel during the settlement negotiations and included

PHL:5337680.1/JEF023-159109

in a written settlement agreement sent by Defendants' counsel to Druker's counsel on day before the final settlement was reached.[1]

This term was a material part of the settlement, because, having battled with Druker for many years over what Defendants regarded as her baseless and fabricated claims of employment discrimination, Defendants did not want to deal with her in the future. Among Druker's many targets was TJU's Human Resource Department which Druker claimed failed to adequately investigate and remedy her claims of discrimination. That Human Resources Department also served as the Human Resources Department for TJU's affiliate, Thomas Jefferson University Hospital.

As a matter of Pennsylvania and federal law, the agreement reached by counsel and confirmed in writing, is legally enforceable notwithstanding the fact that the parties expected that a written settlement document would be executed. Green v. John H. Lewis & Co., 436 F.2d 389, 390 (3d Cir. 1970); McDonnell v. Ford Motor Co., 434 Pa. Super. 439, 445-446, 643 A.2d 1102, 1105-1106 (1994); Johnston v. Johnston, 346 Pa. Super. 427, 431, 499 A.2d 1074, 1076 (1985). Many courts have enforced settlement agreements under the circumstances presented in this case. See, e.g., Standard Steel, LLC v. Buckeye Energy, Inc., No. 04-538, 2005 U.S. Dist. LEXIS 22378 (E.D. Pa. Sept. 29, 2005); Mowrer v. Warner-Lambert Co., No. 98-2908, 2000 U.S. Dist. LEXIS 9874

---

[1] Because the settlement terms are confidential, Defendants have not filed the settlement documents with this motion. Defendants are prepared to either file the documents under seal (if the Court so permits) or introduce them at an evidentiary hearing (should the Court determine one is necessary).

(E.D. Pa. July 14, 2000); Goldman v. Chanel, Inc., No. 94-7239, 1995 U.S. Dist. LEXIS 17423 (E.D. Pa. Nov. 21, 1995).

In the Court of Appeals, Druker opposed remand to this Court on the basis that the Court's decision in Beazer East Inc. v. Mead Corp., 412 F.3d 429 (3d Cir. 2005), required a written settlement agreement for all settlements reached through the Third Circuit Mediation Program. In remanding the case to this Court, the Third Circuit rejected this argument, and accepted Defendants' argument that this case was no longer in the Mediation Program at the time it was settled. (See Exhibits "A" and "B" to the Motion).

The only issue in this Court is whether all material terms of the settlement were agreed upon. Since Druker has admitted this fact, the Court should summarily enforce the agreement. However, in the event that the Court deems it necessary to conduct an evidentiary hearing, Defendants are prepared to present evidence of the agreement.

Defendants also request that the Court award them the necessary costs, expenses and attorneys' fees that they expended as a result of Druker's failure to comply with the settlement agreement. Attorneys' fees and costs are not ordinarily recoverable and unless specifically authorized by statute or contract are awarded only in extraordinary cases. F.D. Rich Co. v. Industrial Lumber Co., 417 U.S. 116, 126 (1974). However, an exception to this general rule is the court's equitable authority to award attorneys' fees when a party acts in bad faith, vexatiously, wantonly or for oppressive reasons. Id. at 129; Vaughn v. Atkinson, 369 U.S. 527, 530-31 (1962); Lichtenstein v. Lichtenstein, 481 F.2d 682, 684-85 (3d Cir. 1973).

Courts have awarded attorneys and costs incurred by a party to enforce a settlement agreement where the opposing party's conduct in avoiding obligations under the settlement agreement is vexatious and in bad faith. See Leonard v. University of Delaware, 204 F. Supp.2d 784, 789-90 (D. Del. 2002) (granting defendant's motion to enforce the settlement agreement and

for attorneys' fees where plaintiff's attempts to avoid his obligations under the settlement agreement by attempting to alter its terms was both in bad faith and vexatious and described as "using settlement as the proverbial carrot, which [plaintiff] is tantalizingly dangling in front of the defendants, but has no intention of giving to them."), appeal dismissed by, 80 Fed. Appx. 286 (3d Cir. 2003), cert. denied, 540 U.S. 1048 (2003); Interspiro USA, Inc., v. Figgie Int'l, Inc., 815 F. Supp. 1488, 1522 (D. Del. 1993) ("Refusal to abide by the terms of a settlement agreement can constitute bad faith, entitling the wronged party to attorneys' fees."), aff'd 18 F.3d 927 (Fed. Cir. 1994); Rakestraw v. Corporation for Cmty. Housing, No.-1:04-CV-311-TS, 2005 WL 2030868, at *1 (N.D. Ind. Aug. 19, 2005 ) (granting plaintiff's motion to enforce settlement agreement and for attorneys' fees where defendant simply failed to comply with terms of agreement); Vari-O-Matic Mach. Corp. v. New York Sewing Mach. Attachment Corp., 629 F. Supp. 257, 259 (S.D.N.Y. 1986) (awarding attorneys' fees to plaintiff on successful motion to enforce settlement since defendant acted in bad faith in requiring plaintiff to file a motion).

Here, after agreeing on a settlement amount and upon receiving a draft Settlement Agreement containing all material non-economic terms, including a waiver of reinstatement, counsel for Druker advised counsel for Defendants that he was authorized to agree to all the proposed material terms of the settlement, provided that certain provisions were made mutual. Counsel for Defendants obtained approval to make such provisions mutual and confirmed the parties' agreement in an email. Druker's conduct in attempting to alter already agreed upon terms, like that of the plaintiff in Leonard, is vexatious and in bad faith and warrants an award of attorneys' fees and costs.

**Conclusion**

For the reasons expressed herein, Defendants Thomas Jefferson University and Dr. Barbara Turner respectfully request that the Court enter an Order enforcing the settlement agreement reached in the case and directing that Plaintiff Sondra Druker dismiss her Third Circuit appeal.

Defendants further request that the Court award attorneys' fees and costs incurred in enforcing the Agreement.

Respectfully submitted,

_____
Robert M. Goldich, Esquire, #25559
Caroline Austin, Esquire, #75228
WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP
1650 Arch Street, 22nd Floor
Philadelphia, PA 19103
(215) 977-2152/2336

Attorneys for Defendants
Thomas Jefferson University and
Dr. Barbara Turner