IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SONDRA G. DRUKER | CIVIL ACTION |
| Plaintiff | NO. 02-2692 |
| v. | |
| THOMAS JEFFERSON UNIVERSITY, et al. | |
| Defendants | |

## ORDER

AND NOW, this _____ day of _____, 2006, in response to the Order of the Court of Appeals dated March 1, 2006, and upon consideration of the Motion by Defendants to Enforce Settlement Agreement and for an Award of Attorneys' Fees and Plaintiff's response thereto, it is hereby ORDERED that no enforceable settlement was reached by the parties, and Defendants' Motion is accordingly DENIED.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SONDRA G. DRUKER | CIVIL ACTION |
| Plaintiff | NO. 02-2692 |
| v. | |
| THOMAS JEFFERSON UNIVERSITY, et al. | |
| Defendants | |

**PLAINTIFF'S ANSWER TO MOTION
BY DEFENDANTS TO ENFORCE SETTLEMENT
AGREEMENT AND FOR AN AWARD OF ATTORNEYS' FEES**

Plaintiff Sondra G. Druker ("Druker") opposes the Motion by Defendants to Enforce Settlement Agreement and for an Award of Attorneys' Fees. Despite the best efforts of counsel for the parties, it became clear from their attempts to prepare a final document stating the terms of settlement that no agreement had been reached. Moreover, even if an oral settlement agreement had been reached, it was not "reduced to writing" and is therefore unenforceable, pursuant to Rule 33.5(d) of the Third Circuit Local Appellate Rules. *See Beazer E., Inc. v. Mead Corp.*, 412 F.3d 429 (3d Cir. 2005), *cert. denied*, 163 L. Ed. 2d 857 (2006). The applicability of Rule 33.5 is discussed in detail in the Memorandum of Law submitted herewith.

In response to the numbered paragraphs of the Motion, Druker answers as follows:

1.    Admitted.

2.    Admitted. The oral argument was set for 1:30 p.m. on December 7, 2005.

3.    Admitted, except that the "approach" from Druker's counsel to Defendants' counsel was in the form of a specific proposal for settlement.

4.    Denied.  To the contrary, following the proposal by Druker's counsel on the afternoon of December 5, 2005, the following events occurred:

(a)    In several telephone calls on the afternoon of December 5 and the morning of December 6, counsel for the parties exchanged various counter-proposals for settlement.

(b)    On the afternoon of December 6, when it appeared that it would be difficult for counsel to close the gap, counsel for Defendants proposed that they contact Joseph A. Torregrossa, director of the Third Circuit Mediation Program.  The parties and their counsel had previously met with Mr. Torregrossa, prior to the filing of appellate briefs, in an effort to mediate the dispute, but no settlement had been reached at that time.  Counsel for Defendants proposed that both counsel contact Mr. Torregrossa and ask him to resume his mediation services.  Counsel for Druker agreed to this proposal, and counsel for Defendants offered to telephone Mr. Torregrossa for this purpose.

(c)    Later on the afternoon of December 6, Mr. Torregrossa advised both counsel that because the case had been assigned to a panel of the Court of Appeals for oral argument, he was not permitted to resume the mediation process without first obtaining permission of the panel. Mr. Torregrossa further advised that he had obtained such permission from the panel.  Mr. Torregrossa thereupon held telephone discussions with both counsel, separately and together, to explore the parties' respective settlement positions and to assist the parties in coming to an agreement.

(d)     Following the initial conversation among counsel and Mr. Torregrossa on the afternoon of December 6, Mr. Torregrossa continued to speak with both counsel by "shuttling" between them on the telephone and by also encouraging counsel to speak directly.

(e)     There were several telephone conversations back and forth between counsel for the parties, both directly and through Mr. Torregrossa, on December 6 and 7, on both the economic and non-economic terms of a potential settlement.

(f)     Shortly before noon on December 7, counsel for the parties telephoned Mr. Torregrossa and advised him that they had reached an oral agreement on the material terms of a settlement.  Mr. Torregrossa stated that he would notify the Court of Appeals of the settlement and arrange for cancellation of the oral argument scheduled for 1:30 p.m.

(g)     As set forth below, in the course of counsel's attempts to document the apparent settlement, certain latent ambiguities were discovered, which gave rise to irreconcilable disagreements over material terms of the apparent settlement.  Counsel's attempts to reduce the apparent settlement to an agreed-upon writing were therefore unsuccessful.

5.     Admitted.

6.     The allegation of a "written Settlement Agreement" is denied.  There was never any "written Settlement Agreement," only a written draft of a settlement agreement proposed by counsel for Defendants, which served as a basis for further discussion between counsel on the non-economic terms to be addressed in any settlement.  The remaining allegations of this paragraph of the Motion are in violation of Third Circuit Local Appellate Rule 33.5(c), which prohibits the parties from disclosing statements made or information developed during the mediation process or from using information obtained as a result of the mediation process (other than the bare fact that

a settlement has been reached) as a basis for any motion or argument to any court.  This prohibition includes statements regarding the terms of a disputed settlement.  *See Beazer E., Inc. v. Mead Corp.*, 412 F.3d at 434-35.  Druker accordingly denies these remaining allegations of paragraph 6, except to admit that the issues of waiving reinstatement and the right to reapply were the subject of discussions between counsel during the telephone discussions on December 5, 6 and 7.

7.    Denied as stated.  As stated above, there was substantial back-and-forth between counsel for the parties, both directly and through Mr. Torregrossa, on December 6 and 7, on both the economic and non-economic terms of the proposed settlement.  The matters discussed included the need for mutuality on certain non-economic terms.  Counsel for Druker never informed counsel for Defendants that the terms of the draft settlement agreement were acceptable as written, either with or without specified modifications; rather, the draft settlement agreement served only to focus the issues discussed between counsel.

8.    Admitted, except that any suggestion that the email from Defendants' counsel set forth the material terms of the settlement is denied.  Further, as stated above, later efforts by counsel to reduce the apparent settlement to writing made clear that no agreement had been reached.

9.    Admitted.

10.    It is admitted that on December 14, 2005, counsel for Defendants sent counsel for Druker a revised version of the draft Settlement Agreement.  It is denied that the revised draft contained all of the changes that had been requested by counsel for Druker during the negotiations on December 6 and 7.

11.    Denied as stated.  It is admitted that in January 2006, counsel for Druker advised counsel for Defendants that the revised draft Settlement Agreement failed to accurately

-4-

reflect all of the terms agreed to during the oral negotiations on December 6 and 7, 2005. During January, counsel held extensive additional discussions on the substance and wording of the revised draft, successfully negotiated resolutions of several issues that arose, and thus agreed to changes to the revised draft in several respects. Counsel were unable, however, to agree on language regarding certain of the non-economic terms of the settlement. In particular, counsel could not agree on the scope of Druker's agreement not to reapply for employment in the future, specifically the identity of the entity or entities to which she would be prohibited from reapplying.

12.    Denied as stated. It is admitted that because of the inability of the parties to agree on the scope of the prohibition on reapplying, the parties failed to come to terms on a written agreement.

13.    Admitted, except that the relief sought by Defendants was a remand to this Court to *consider* whether the alleged settlement had been reached and is enforceable.

14.    Admitted, except that the Response further stated that in the course of the efforts of counsel to reduce the apparent settlement to an agreed writing, ambiguities emerged in the apparent oral settlement that prevented the parties from reaching final agreement.

15.    Admitted. Subsequently, counsel for Druker filed with the Court of Appeals a Motion for Clarification of Order of March 1, 2006. The Motion for Clarification sought a clarification of the scope of the remand to this Court — in particular, "whether the District Court's determination if a settlement agreement was reached is subject to the restrictions of Local Appellate Rule 33.5, as construed in *Beazer*." By Order of April 5, 2006, the Court of Appeals ruled on the Motion for Clarification as follows: "The foregoing motion for clarification of the order of March 1, 2006 is denied. The Court is satisfied that the District Court will understand that the remand

includes, inter alia, a decision on whether the settlement was reached in the course of mediation or after."

16.    Druker agrees that it would be inappropriate for Defendants to file any supporting documents, not only because of a confidentiality agreement but also because of the provisions of Rule 33.5.  The only supporting document that would be appropriate to submit under Rule 33.5 would be an agreed writing setting forth the terms of the settlement, and Defendants do not and cannot allege that the parties agreed on any such writing.  Therefore, the filing of documents with the Court, even under seal, would be inappropriate.

17.    Denied.

WHEREFORE, for the reasons set forth above and in the accompanying Memorandum of Law, Defendants' Motion should be denied.

<div style="margin-left:50%;">

_s/ Jeffrey S. Saltz_____

Jeffrey S. Saltz
PA Bar I.D. No. 29057
Attorney for Plaintiff

</div>

LAW OFFICE OF JEFFREY S. SALTZ, P.C.
1515 Market Street, Suite 1000
Philadelphia, PA 19102
(215) 523-5317

Dated:  June 5, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SONDRA G. DRUKER | CIVIL ACTION |
| Plaintiff | NO. 02-2692 |
| v. | |
| THOMAS JEFFERSON UNIVERSITY, et al. | |
| Defendants | |

**MEMORANDUM OF LAW IN OPPOSITION TO
MOTION BY DEFENDANTS TO ENFORCE SETTLEMENT
AGREEMENT AND FOR AN AWARD OF ATTORNEYS' FEES**

**I.    STATEMENT OF THE CASE**

On appeal from this Court's summary judgment in favor of Defendants, the parties

participated in the Third Circuit's Mediation Program in a mediation conference before Joseph A.

Torregrossa, the director of the program.  The parties were unable to agree upon a settlement,

however, and turned to the preparation of appellate briefs.  Subsequently, only two days before oral

argument on the appeal, counsel for the parties again began discussing settlement.  In view of the

substantial gap between them, counsel for Defendants suggested that they ask Mr. Torregrossa to

resume his involvement in efforts to mediate a settlement.  Mr. Torregrossa advised the parties that

at this point in the process, he was prohibited from engaging in such efforts unless the Third Circuit

panel hearing the case agreed, but that he had consulted with the panel and had obtained

authorization to proceed.

Over the next two days, counsel for the parties held many telephone conversations, both with Mr. Torregrossa and directly, in an effort to reach settlement. During this process, counsel for Defendants emailed to Plaintiff's counsel a draft settlement agreement, even though he acknowledged that no agreement had yet been reached. This draft assisted counsel for both sides in identifying the non-economic issues to be addressed in any settlement, but it did no more than that. At no time did Plaintiff's counsel ever inform Defendants' counsel that the draft agreement was acceptable, either as is or with specified changes. Rather, the discussion was on the issues identified in the draft, not on the draft itself.

On December 7, 2005, less than two hours before oral argument was to begin, counsel for the parties notified Mr. Torregrossa that they had reached oral agreement on the material terms of a settlement. Mr. Torregrossa stated that he would advise the Court of Appeals and arrange for cancellation of the oral argument. Unfortunately, in subsequent efforts to reduce the apparent settlement to an agreed writing, a latent ambiguity emerged that counsel were unable to resolve. Specifically, although it had been agreed as part of the oral settlement that Plaintiff would not reapply for employment, the parties and their counsel could not agree, during the course of documentation, on the scope of the entity or entities to which she would be prohibited from reapplying. Although several other issues that arose during the drafting process were negotiated and ultimately resolved by agreement, the parties reached an impasse on the scope of the "no reapply" clause.

On February 1, 2006, Defendants filed with the Court of Appeals a Motion by Appellees to Remand for Consideration of Settlement Reached on Appeal. By Order of March 1, 2006, the Court of Appeals remanded the matter to this Court "to determine if a settlement was

-2-

reached and, if so, what the terms of the settlement are."  Plaintiff then filed a Motion for Clarification, seeking clarification of the scope of the remand to this Court.  In particular, the Motion sought to clarify "whether the District Court's determination if a settlement agreement was reached is subject to the restrictions of Local Appellate Rule 33.5, as construed in *Beazer East, Inc. v. Mead Corp.*, 412 F.3d 429 (3d Cir. 2005), *cert. denied*, 163 L. Ed. 2d 857 (2006)."

By Order of April 5, 2006, the Court of Appeals ruled on the Motion for Clarification as follows:  "The foregoing motion for clarification of the order of March 1, 2006 is denied. The Court is satisfied that the District Court will understand that the remand includes, inter alia, a decision on whether the settlement was reached in the course of mediation or after."

Plaintiff submits that no enforceable settlement agreement has been reached, for two reasons.  First, the facts are clear that the apparent oral settlement was reached "in the course of mediation"; therefore, it is subject to the restrictions of Third Circuit Local Rule 33.5(d) that no settlement reached in the mediation process is enforceable unless it is successfully reduced to writing.  *See Beazer E., Inc. v. Mead Corp.*, 412 F.3d 429 (3d Cir. 2005), *cert. denied*, 163 L. Ed. 2d 857 (2006).  Second, even if it is determined that the settlement was not reached in the course of mediation, it became clear that the parties had failed to agree on a material term of the settlement.

II.    **ARGUMENT**

    A.    **Under Local Appellate Rule 33.5, the Purported Settlement Is Unenforceable Because It Was Not Reduced to Writing.**

        1.    **The apparent oral settlement was reached in the course of mediation.**

Although the Order of April 5, 2006, by the Court of Appeals formally denies the Motion for Clarification, it does make explicit that the remand to this Court "includes, inter alia, a decision on whether the settlement was reached in the course of mediation or after." The undisputed facts make clear that the oral settlement *was* reached "in the course of mediation."

When counsel for the parties resumed settlement discussions on December 5 and 6, 2005, they could have attempted to reach a settlement without the assistance of the Third Circuit Mediation Program. Because of the substantial gap between them, however, counsel for Defendants proposed, and counsel for Plaintiff agreed, that it would be helpful to request that Mr. Torregrossa become re-involved in the settlement process. It was during the course of Mr. Torregrossa's resumed mediation efforts, carried on telephonically on December 6 and 7, that counsel finally reached what appeared at the time to be a comprehensive settlement of the case.

Mr. Torregrossa clearly was conducting proceedings on December 6 and 7 through the Third Circuit's Mediation Program. If not, what else was he doing? Indeed, the fact that Mr. Torregrossa was required to obtain permission of the Third Circuit panel before re-engaging in the mediation process makes clear that his involvement on December 6 and 7 was in his capacity as Appellate Mediator. While the parties had been unsuccessful in reaching a settlement at the prior, in-person mediation conference convened by Mr. Torregrossa several months earlier, that fact did not preclude Mr. Torregrossa's re-involvement at a later date. Indeed, Rule 33.5(b) of the Local

-4-

Appellate Rules provides: "If settlement is not reached at the initial mediation session, but the mediator believes further mediation sessions or discussions would be productive, the mediator may conduct additional mediation sessions in person *or telephonically*." 3d Cir. L.A.R. 33.5(b) (emphasis added).

Nor is it significant that the final discussion in which the apparent oral settlement was reached occurred in a telephone conversation directly between the parties. It is normal during the mediation process for the mediator to participate in back-and-forth discussions with counsel separately and, at the same time, to encourage counsel to speak directly. Certainly, at the time that the apparent oral settlement was reached, Mr. Torregrossa's involvement in the process had not ceased. In fact, once counsel agreed that they had a settlement, the first person that they called at the Court of Appeals was not someone in the Clerk's office, but rather the Appellate Mediator, Mr. Torregrossa, who conveyed the information to the Court.

Accordingly, it is plain from the facts of record that the alleged settlement that Defendants seeks to enforce was reached "in the course of mediation" and was therefore subject to Rule 33.5.[1]

**2.    Under Rule 33.5(d), an oral settlement that is not reduced to writing is unenforceable.**

As construed by the Court of Appeals in *Beazer East, Inc. v. Mead Corp.*, 412 F.3d 429 (3d Cir. 2005), *cert. denied*, 163 L. Ed. 2d 857 (2006), Local Appellate Rule 33.5 requires that any settlement reached through the Appellate Mediation Program, in order to be enforceable, must

---

[1]In the event that the Court is unable to make this determination on the facts of record, then it should hold an evidentiary hearing to determine the issue.

be reduced to writing.  Absent a written agreement, the terms of any alleged oral settlement are not merely unenforceable but are also inadmissible and may not be presented to any Court by motion or otherwise.

Clearly, the oral settlement in this case was not "reduced to writing."  The only writing was the draft prepared unilaterally by Defendants' counsel.  Defendants admit that Plaintiff's counsel specifically advised on December 7 that the draft as written was not acceptable.  (Mot. ¶ 7.) Defendants further admit that the subsequent revision of the written draft prepared by Defendants' counsel was also unacceptable to Plaintiff.  (Mot. ¶ 11.)  Defendants do not contend that any written Settlement Agreement was agreed to by both sides.  Accordingly, no settlement was "reduced to writing" within the meaning of Rule 33.5(d).  If the requirement that a settlement be "reduced to writing" were satisfied by a writing that was agreed to by only one of the two sides, then the requirement would be rendered meaningless.

*Beazer* makes clear that when the parties in a mediation reach an oral settlement, they are taking the risk that the settlement will be unenforceable unless they immediately reduce the terms to an agreed writing.  *Id.* at 436-37.  In the present case, both sides took that risk.  Plaintiff now asserts that there was a latent ambiguity in the parties' oral agreement that did not become apparent until the parties attempted to agree on a definitive writing.  Defendants assert that Plaintiff has simply refused to proceed with the settlement unless changes are made.  Although Plaintiff denies Defendants' contention, the discrepancy is legally immaterial.  In either event, the parties' settlement

was oral only, and in the absence of an agreed writing any oral settlement is unenforceable under

Rule 33.5.[2]

**B.    Even Apart from Rule 33.5, the Parties Failed to Agree on All Material Terms, and Therefore No Enforceable Settlement Agreement Was Reached.**

Even if the Court finds that the purported settlement was not reached "in the course

of mediation," so that Rule 33.5 would not be applicable, it is still plain that no enforceable

settlement agreement was reached, because the parties failed to reach agreement on a material term

of the settlement — the scope of the entity or entities to which Plaintiff would be prohibited from

reapplying for employment.  As Defendants correctly note in their Motion, the terms of the purported

settlement are confidential, and therefore the details of the impasse that was reached by counsel will

not be explored in this Memorandum.  Nevertheless, it is appropriate to set forth the governing legal

principles if Rule 33.5 does not apply.

Those principles under Pennsylvania law are as follows:

It is well-established that the enforceability of settlement agreements is determined according to principles of contract law. Our Court will enforce the settlement if *all of the material terms of the bargain* are agreed upon.  Moreover, if parties *agree upon essential terms* and intend them to be binding, a contract is formed even though they intend to adopt a formal document with additional terms at a later date.  The intent of the parties is a question of fact which must be determined by the factfinder.  However, it is equally true that an evidentiary hearing into the existence and binding effect of the settlement agreement is the appropriate procedure to be followed in matters of contested settlement agreements.

---

[2]*Beazer* also makes clear that the requirements of Rule 33.5 supersede any contrary principles under the common law.  Specifically, the Court of Appeals held that the common-law principle "that a written agreement is not necessary to render a settlement enforceable . . . has no application where specific court rules provide otherwise."  *Id.* at 436-37.

*McDonnell v. Ford Motor Co.*, 643 A.2d 1102, 1105-06 (Pa. Super. Ct. 1994) (citations and quotation marks omitted) (emphasis added).  In *McDonnell*, a decision enforcing a disputed oral settlement was reversed and remanded, because the trial court had not conducted an evidentiary hearing on the facts surrounding the alleged formation of the settlement agreement.[3]

In the present case, if the Court determines that Rule 33.5 is not applicable, then Plaintiff will assert that the purported oral settlement agreement is not enforceable because "all of the material terms of the bargain" were in fact not agreed upon.  This issue can be explored in more detail in connection with the development of facts at an evidentiary hearing.

## III.    CONCLUSION

For the reasons set forth above, the Court should determine that the purported settlement was reached in the course of mediation and that, in the absence of an agreed writing, it is unenforceable pursuant to Local Appellate Rule 33.5(d).  In the alternative, if the Court determines that the purported settlement was not reached in the course of mediation, it should conduct an

---

[3]Defendants cited *McDonnell* as authoritative in their Motion to Remand filed in the Court of Appeals.  (Mot. to Remand, ¶ 15.)

evidentiary hearing pursuant to *McDonnell*, to determine whether the parties had agreed upon "all of the material terms of the bargain."

                                        Respectfully submitted,


                                        ___s/ Jeffrey S. Saltz_____
                                        Jeffrey S. Saltz
                                        PA Bar I.D. No. 29057
                                        Attorney for Plaintiff

LAW OFFICE OF JEFFREY S. SALTZ, P.C.
1515 Market Street, Suite 1000
Philadelphia, PA 19102
(215) 523-5317

Dated:  June 5, 2006

-9-

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2006, I caused the foregoing Plaintiff's Answer to Motion by Defendants to Enforce Settlement Agreement and for an Award of Attorneys' Fees to be filed electronically with the Court, where it is available for viewing and downloading from the Court's ECF system, that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document on Robert M. Goldich, Esquire, counsel for Defendants.


 s/ Jeffrey S. Saltz
Jeffrey S. Saltz