UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SONDRA G. DRUKER | : |
| Plaintiff | : CIVIL ACTION |
| v. | : NO. 02-CV-2692 |
| THOMAS JEFFERSON UNIVERSITY | : |
| and | : |
| BARBARA J. TURNER, M.D. | : |
| Defendants | : |

**DEFENDANTS' REPLY TO PLAINTIFF'S ANSWER
TO MOTION BY DEFENDANTS TO ENFORCE SETTLEMENT
AGREEMENT AND FOR AN AWARD OF ATTORNEYS' FEES**

On March 13, 2006, Defendants Thomas Jefferson University and Dr. Barbara Turner filed a motion to enforce a settlement agreement with the Plaintiff reached on the day that this case was scheduled to be argued in the United States Court of Appeals for the Third Circuit. Defendants' Motion relied prominently on an admission made by Plaintiff in the Court of Appeals that the parties had reached agreement "on the material terms of the settlement" prior to the time that the parties notified the Court of Appeals that the case was settled. Exhibit "B" to Defendants' Motion , ¶ 10.

Plaintiff thereafter filed a Motion in the Court of Appeals in which she sought to have the Court clarify its Order remanding the case to this Court. Plaintiff asserted that the Defendants should be required to prove in this Court that a written settlement agreement existed. Plaintiff's Motion for Clarification at p. 5. The Court of Appeals denied Plaintiff's motion. The Court stated in *dicta*, however, "the Court is satisfied that

the District Court will understand that the remand includes, *inter alia*, a decision on whether the settlement was reached in the course of mediation or after."

On June 5, 2006, Plaintiff filed an Answer to Defendants' Motion. In reliance upon the above quoted language in the Court of Appeals Order denying her motion for clarification, Plaintiff continues to oppose settlement almost exclusively based on Rule 33.5 of the Third Circuit Local Appellate Rules ("LAR") and the Third Circuit decision in Beazer East, Inc. v. Mead Corp., 412 F.3d 429 (3d Cir. 2005), cert. denied 163 L. Ed. 2d. 857 (2006).

While not retracting her previous admission that the parties had reached agreement on all material settlement terms on the day of oral argument, Plaintiff also contends that "ambiguities emerged in the apparent oral settlement that prevented the parties from reaching final agreement."

Defendants file this reply to respond to both of these arguments.

### I. ARGUMENT

A. The Settlement In This Case Was Reached After This Case Was No Longer In The Appellate Mediation Program.

LAR 33.0 makes it very clear that the referral of a case to mediation is a formal process which takes place before a briefing schedule is issued.

When a case has been referred to mediation, the parties receive written notice of that fact.[1] LAR 33.3 provides "if a case is referred to mediation, a briefing schedule shall be deferred during the pendency of mediation unless the court or special master determines otherwise." This is precisely the procedure followed in this case.

---

[1] See Notice of Assignment for Mediation, Exhibit "1" hereto.

LAR 33.3 further provides, "if a case is not accepted for mediation, or if accepted but is not resolved through mediation, it will proceed in the appellate process as if mediation had not been considered or initiated.

This too is precisely what happened in this case. After mediation failed, in February 2005, the Court of Appeals was notified of this fact, and a Briefing and Scheduling Order was issued. See Exhibit "2", attached hereto. At that point in time, the case was removed from the Appellate Mediation Program.

Pursuant to LAR 33.4, any judge or panel may refer a case to mediation at any time. No such referral ever occurred in this case. The case never was referred back to the Appellate Mediation Program. The parties did contact the mediator but he advised counsel that the case could not be sent back to the Appellate Mediation Program because it had been listed for argument. The mediator did speak to the parties, but as admitted by plaintiff in the Court of Appeals, he ultimately encouraged counsel to speak directly to resolve the matter. Plaintiff has "admitted that an apparent oral settlement was ultimately agreed to in a telephone conversation directly between counsel. Exhibit "B" to Defendants' Motion at ¶ 8. The mediator was likewise not copied or involved in the exchange of the written settlement agreement prepared by defendants' counsel before the settlement was reached or the discussion of that agreement.

Because this case was settled after this case was no longer in the Appellate Mediation Program, LAR 33.5 has no applicability. Moreover, because the mediator was not present for and did not participate in the settlement negotiations that produced the agreement, no testimony from the mediator will be required to establish either the fact of

or the terms of the settlement. Because of this, none of the policy reasons which motivated the Third Circuit in Beazer are implicated here. Beazer 412 F.3d at 434-436.[2]

As Defendants have previously argued, the Third Circuit knew when it remanded this case that the mediator was involved in the settlement process. Nevertheless, the Court has stated that this Court should "determine if a settlement has reached, and if so, what the terms of the settlement are." LAR 33.5 is not a bar to settlement because this case was settled after mediation ended.[3] The Court should enforce the settlement.

    B.    <u>There Was No Ambiguity In The Settlement Terms.</u>

As Defendants have previously argued, the settlement provision to which plaintiff now objects is not a new one which arose for the first time after the Court of Appeals was notified of the settlement. To the contrary, prior to the settlement, Plaintiff's counsel was informed that a material term of the settlement was Plaintiff's agreement not to apply for reemployment with the Defendants or Defendants' affiliates. This term was included in the written settlement agreement sent to Plaintiff's counsel prior to the time when settlement was reached. Plaintiff acquiesced in this settlement term before the Court was notified of the settlement.

---

[2] The Third Circuit was concerned that parties attending a mediation session would be inhibited if they thought that statements made in front of a judicial officer could be used to support a claim of oral settlement. Here, there was no mediation session attended by the parties and no dispute that a settlement was both reached <u>and</u> communicated to the Court jointly by the parties.

[3] Defendants also maintain that the existence of a written agreement, albeit never signed, distinguishes this case from Beazer. Given the logistics – the fact that counsel were <u>not</u> together with clients at a mediation session, and were literally hours away from argument, it is difficult to see what more counsel could have done to document the agreement. To sustain plaintiff's position would be to prevent eve of argument settlements, which save valuable court resources.

4

Plaintiff subsequently changed her position and attempted to renegotiate the language of the settlement agreement after the Third Circuit was notified of the settlement. The parties agree that the Third Circuit Order requires an evidentiary hearing. See Plaintiff's Memorandum of Law at p. 8.

Defendants are prepared to establish the above facts at an evidentiary hearing.

## II. CONCLUSION

For the reasons stated herein, Defendants reiterate their request that the Court enforce the settlement agreement reached by the parties and further that the Court award to Defendants their reasonable attorneys' fees and costs incurred in enforcing the agreement.

Respectfully submitted,

_____
Robert M. Goldich, Esquire (#25559)
Greenberg Traurig, LLP
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 988-7883

Attorneys for Defendants
Thomas Jefferson University and
Dr. Barbara Turner

Dated: June 15, 2006