IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SONDRA G. DRUKER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 02-2692 |
| THOMAS JEFFERSON UNIVERSITY, et al. | : | |

**MEMORANDUM**

Ludwig, J.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　April 23, 2008

Following hearing and submission of additional materials by the parties, the "Motion by Defendants to Enforce Settlement Agreement and for an Award of Attorneys Fees" (docket no. 43) will be granted.[1]

---

[1] This is an employment action filed by plaintiff Sandra Druker under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2003, et seq., and the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., for intentional discrimination, harassment and retaliation. On August 12, 2004, summary judgment was entered in favor of defendants Thomas Jefferson University and Barbara J. Turner, M.D. On August 18, 2004, final judgment was entered and plaintiff timely appealed. On December 7, 2005, just prior to the scheduled 1:30 p.m. oral argument before a panel of the Court of Appeals, the parties advised that a settlement had been reached. Subsequently, a dispute arose as to the terms of the settlement. On February 1, 2006, defendants filed a motion to remand. On March 1, 2006, the Court of Appeals granted defendants' motion, stating, "the foregoing matter is remanded to the District Court to determine if a settlement was reached and, if so, what the terms of the settlement are." The Court of Appeals separately denied plaintiff's motion for clarification, which argued that defendants should be required to prove that a written settlement agreement existed to satisfy the requirements of LAR 33.5. On this point, the Court of Appeals stated, "the Court is satisfied that the District Court will understand that the remand includes, inter alia, a decision on whether the settlement was reached in the course of mediation or thereafter."

After remand, several conferences were held regarding defendants' motion. On October 12, 2006, the parties were ordered to identify a neutral to whom to submit their dispute. Plaintiff did not participate in this process. On January 8, 2007, the parties were referred to Magistrate Judge Linda K. Caracappa for a settlement conference. Plaintiff was ordered to appear personally at the conference. She did not do so. On May 17, 2007, plaintiff was ordered to appear at a hearing on July 17, 2007, to show cause why defendants' motion should not be

According to defendants, the parties, through counsel, reached an oral settlement agreement just prior to argument before a panel of the Court of Appeals. According to plaintiff, an oral settlement was apparently reached, but latent ambiguities prevented the parties from reducing the agreement to writing. Local Appellate Rule 33.5, which pertains to the Third Circuit's Mediation Program, bars enforcement of an unwritten settlement agreement.[2] Additionally, plaintiff argues that the settlement is not enforceable because there was no agreement as to a material term.

On May 17, 2007, a hearing on defendants' motion was held. Plaintiff did not attend.[3] Counsel made argument and presented evidence as to the circumstances of the settlement negotiations and as to the terms.[4] Following the hearing, counsel made a submission as to the role of Joseph A. Torregrossa, Esquire, the Court of Appeals mediator involved in the case.

Based on the evidence presented, a settlement did not take place in the context of the

---

granted. Plaintiff did not appear at the July 17 hearing and has made no effort to excuse or justify her non-appearance.

[2] LAR 33.5: "No party shall be bound by statements or actions at a mediation session unless a settlement is reached. If a settlement is reached, the agreement shall be reduced to writing and shall be binding upon all parties to the agreement . . . ."

[3] Plaintiff's counsel did appear and reported his efforts to contact plaintiff to advise her of the hearing. These included service of the order by registered and regular mail, and leaving messages on her answering machine. Counsel later filed an affidavit of service of notice of the hearing (docket no 57).

[4] At counsels' request, the transcript of the hearing, together with all exhibits presented, was ordered filed under seal (docket no 58), and no details of the confidential terms of the settlement have been included in any filings.

2

appellate court's mediation program. Plaintiff's appeal was referred to that program by the Court of Appeals in February 2007; no settlement was reached at that time. A briefing schedule was set and oral argument scheduled. It was only after briefs were filed - and on the morning of the argument - that a settlement was reached. That Mr. Torregrossa acted as go-between in some of the final discussions did not refer the matter back into the court-annexed Mediation Program. Mr. Torregrossa stated that the matter "was not an open active case in the Appellate Mediation Program" at the time the settlement was reported to the Court of Appeals.[5] Accordingly, Local Appellate Rule 33.5 does not apply, and the settlement, if reached, can be enforced in the absence of a writing.

As to the terms of the settlement, defendants presented evidence in the form of a series of e-mails between counsel. These provide adequate evidence of all of the settlement's material terms. Based upon these exchanges between counsel, the terms of the draft "Settlement Agreement and General Release" (Exhibit D-2), prepared by defendants' counsel and forwarded to plaintiff's counsel is deemed to have been accepted by plaintiff. The parties will be ordered and directed to execute the settlement agreement according to the terms of that document, or the court will treat the document as executed by plaintiff if she persists in her refusal to cooperate with the court.

With respect to defendants' request for an award of fees and costs, by Friday, May 9,

---

[5] Letter of counsel dated July 30, 2007. At the July 17, 2007 hearing counsel were requested to confer with Mr. Torregrossa as to his role in the settlement discussions. By letter dated July 30, 2007, counsel reported on what Mr. Torregrossa told them.

2008, counsel shall file an affidavit detailing the fees and costs incurred by defendants in their efforts to enforce the settlement. An order may thereafter be entered providing for imposition of financial sanctions.

BY THE COURT:

 /s/ Edmund V. Ludwig
Edmund V. Ludwig, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SONDRA G. DRUKER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 02-2692 |
| THOMAS JEFFERSON UNIVERSITY, et al. | : | |

**ORDER**

AND NOW, this 23rd day of April, 2008, the "Motion by Defendants to Enforce Settlement Agreement and for an Award of Attorneys Fees" (docket no. 43) is granted. A memorandum accompanies this order.

BY THE COURT:

/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.